Nash, C. J.
 

 Tbe only question presented by this case is, as to tbe competency of tbe testimony offered by tbe plaintiff’, to prove tbe bill of sale from Tooley to Creedle. Tbe defend* ant objected to tbe evidence, upon the ground, that it did not appear that tbe deed ever bad been proved and recorded. To tbe legislative department of tbe government, belongs the power to enact laws, by which the people are to be governed, and to tbe judiciary, the right to expound them. While act* •ing within tbe scope. of their legitimate authority, their will is to be obeyed; none have a right to disobey it. Where tbe language of an Act is plain and perspicuous, tbe Act must speak for itself, unless its enactment transcends tbe power of tbe legislature. In tbis case tbe legislature has left no doubt upon tbe question presented to us.
 
 “
 
 All sales of slaves shall be in writing, attested by at least one credible witness, or otherwise shall not be deemed valid ; and all bills of sale of slaves shall, within twelve months after the making thereof, be proved in due form, and recorded; and all bills of sale, and deeds of gift, not
 
 axuthenticated
 
 and
 
 perpetuated
 
 in manner by tbis Act directed, shall be
 
 void and of no force whatever.
 
 Rev. Stat. cli. 37, sec. 19. I need not refer to tbe proviso in that section. In tbe succeeding section, provision is made for tbe registration of such conveyances. Here, there is no ambiguity; no room for construction. If not
 
 authenticated and perpetuated
 
 as directed, that is, duly proved and recorded as directed, tbe conveyance is declared not to be deemed
 
 valid,
 
 but to be
 
 void
 
 and of
 
 no efect.
 
 So important is tbis enactment, that from session' to session of tbe Legislature, it is an invariable practice to pass a law enlarging tbe
 
 *148
 
 time fox proving all suclx conveyances. If a
 
 hiatus
 
 occurs iix tlxe link of this chaixx of Acts, and a subsequexxt Act should be passed, the deed nxay be px’oved and authenticated tinder the latter, but when so proved axxd authenticated, it has no relation back ; so that an execution against the bai’gainor may be levied upon the property coxxtaixxed in it.
 
 Scales
 
 v. Fewell, 3 Hawks. Rep. 18. We are xxot unapprised of the decision of the Court ixi the cases of
 
 Hancock
 
 v.
 
 Hovey,
 
 Tayl. Rep. 104, and
 
 Rhodes
 
 v. Holmes,
 
 2
 
 Hawks. Rep. 193, but we do xxot think they govern this. Oxxr decisioxx turns upoxx a different state of the law sixxce they were xnade. When they were pronoxxnced, it was under the Statute of 1784, ixx which the preamble to the enactment was xxxade. A preamble is no part of the law, though it is a guide to direct the Courts, as to the intention of the Legislature. We are governed by the Act of 1836, ixx which the preaxnble is omitted, axxd ixi wlxiclx there is nothing to govern the construction of tlxe general words, but the words themselves; and we do ixot feel at liberty to depart from them ; axxd that, whether the preaxnble was omitted from inadvertence or design. That it was not this inadvertence, we are justified in concluding, from the fact, that “ the Revised Code” which was passed at the session of the Legislature in 1854, ch. 37, sec. 19, exxacts “ that all written sales axxd coxxveyances of slaves shall, within two years after tlxe making thereof, be proved in due
 
 form and
 
 registered,
 
 or otherwise shall be voidS
 
 It is trxxe, this latter Act did xxot go into operation until the first of January ixx the present year, axxd it is only brought ixxto notice here, to fortify the position we have taken ixx this case. See
 
 Lambert
 
 v. Lambert, 11 Ire. Rep. 162.
 
 Carrier
 
 v.
 
 Hampton,
 
 Ibid 307. The first of these cases was in relatioxx to a coxxveyaixce of land, axxd we see in the Act little difference betweexx conveyances of land and of slaves, as to the authenticatioxx of coxxveyaxxces ; aixd the latter was upon the sxxfficiexxcy of the authexxtication of a coxxveyance of land axxd slaves.
 

 The evidexxce offered by the plaixxtiff, to show the contents of tlxe deed from Tooley to Creedle, was incompetent, and im
 
 *149
 
 properly received by the Court. Eor this error, the judgment must be reversed, and
 
 a -venire de novo
 
 awarded.
 

 Per Curiam.
 

 Judgment reversed.